UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT C. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 21-cv-3157-MMM |
| ) | |
| WARDEN . GREENE, et al., ) | |
| ) | |
| Defendants. ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Western Illinois Correctional Center ("Western"), filed a complaint under 42 U.S.C. § 1983 alleging that he has been held too long in custody, in violation of the Eighth Amendment and Fourteenth Amendment Equal Protection. Plaintiff has also filed a motion [ECF 10], referring to an earlier case he had filed, *Adams v. Greene*, No. 21-3165 (C.D. Ill. May 26, 2021) (*Adams* #1). Plaintiff explains that the complaint here (*Adams* #2), is duplicative of the earlier filing, but he "was forced to send it out twice due to a (sic) IDOC employee was throwing away my mail…" The Court notes, in fact, that Plaintiff has identified the *Adams* #2 complaint as an "Amended Complaint." In [ECF 10], Plaintiff requests that this case be "combined" with *Adams* #1. In the interim, however, *Adams* #1 was dismissed for failure to state a claim for reasons which will be discussed below.

The complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not

require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

The Court has reviewed Plaintiff's filing in *Adams #1* and *Adams #2* and finds them largely redundant, with the *Adams #1* complaint containing more detail than the one before this Court. In both complaints, Plaintiff has pled that he has been kept beyond the date he should have been released on Mandatory Supervised Release ("MSR"), also known as parole. Plaintiff is apparently a convicted sex offender who, under the terms of MSR, must have a suitable host site before being released from custody.

In both cases, Plaintiff protests his conviction, asserting that he can prove his innocence, as the alleged victim did not provide sufficient evidence that he had "cut" her. Plaintiff claims that his continued detention puts him at risk of contracting the COVID-19 virus, and that he is particularly vulnerable due to his underlying ulcerative colitis. Here, as there, Plaintiff requests the immediate release from custody as well as money damages. Plaintiff also requests as a form of relief that he be given a used car.

## ANALYSIS

The Court notes that the identical claims in *Adams #1* were dismissed without prejudice due to the bar of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* prohibits a prisoner obtaining damages in a § 1983 suit where a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence." *Heck,* 512 U.S. at 487. This is so, unless "the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. A challenge to conditions of MSR is recognized as a challenge to the

sentence and is not allowed under *Heck*. *See Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003).

The Court here, as in *Adams #1*, determines that Plaintiff is challenging both his conviction and the term of his sentence where he requests immediate release from custody. A finding in Plaintiff's favor would, of necessity, call into question the validity of both the sentence and conviction. As Plaintiff's conviction has not been overturned or invalidated, he may not assert a § 1983 claim challenging the MSR conditions, but must proceed in habeas, after the exhaustion of state law remedies. *Heck,* 512 U.S. at 487. *See also, Smith v. Grissom*, No. 20-1219, 2021 WL 1839666, at *3 (S.D. Ill. May 7, 2021) (applying *Heck* and dismissing complaint which "improperly seeks release from incarceration in a civil rights action…")

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as Plaintiff's complaint is *Heck*-barred. Any pending matters and internal deadlines are rendered MOOT.

  11/8/2021                                                    s/Michael M. Mihm
ENTERED                                                  MICHAEL M. MIHM
                                                          UNITED STATES DISTRICT JUDGE